DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DANIEL KALEBA (CABN 223789)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    daniel.kaleba@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-00126 LHK |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| RAJENDRA PRASAD GEDA, | |
| Defendant. | |

The United States respectfully requests this Court accept the plea agreement entered on October 23, 2019 pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The plea agreement reflects the reasoned judgment of the parties in consideration of the offense conduct, the harm to the victim, and the serious consequences to Mr. Geda through his acceptance of responsibility.

Through the plea agreement, Mr. Geda admitted to intentionally accessing without permission the internal computer network infrastructure of his former employer. He admitted that he caused serious injury to his former employer. He agreed that he acted recklessly, and that such conduct is punishable as a felony. He consents to a term of home confinement and extended term of supervised probation. Mr. Geda apologized to his former employer, and recognized that his actions betrayed the trust of his former

SENTENCING MEMORANDUM
CR 18-00126 LHK

employer. Through his acceptance of responsibility, Mr. Geda and his former employer negotiated a stipulated restitution amount of $70,000, which Mr. Geda agreed to repay within 90 days of sentencing.

A felony conviction imposes substantial collateral consequences to Mr. Geda. A felony conviction under 18 U.S.C. § 1030 will create substantial barriers to Mr. Geda's ability to work in his professional field. This felony conviction may also impact his and his family's ability to reside in the United States. Mr. Geda is not a citizen of the United States, and this conviction will likely influence his visa. His wife's status is apparently tied to Mr. Geda's status, and she and their eight-month old son may lose the opportunity to remain in the United States after his conviction. The consequences to Mr. Geda's wife and young son as a result of his criminal conduct are severe.

The government agrees with the Total Offense Level and Criminal History Category identified in the Presentence Investigation Report. The government respectfully recommends, as recognized by the Probation Officer, that a sentence of three years of probation with six months of home confinement with location monitoring satisfies the sentencing factors identified under 18 U.S.C. § 3553(a)(1) and (2). The felony computer intrusion conviction under 18 U.S.C. § 1030 impacts Mr. Geda's chosen professional prospects in the computer and information technology field. This felony conviction impacts Mr. Geda's chosen residency opportunities. The ripple effects extend beyond Mr. Geda to include his wife and small child.

It does not appear the conduct was done for Mr. Geda's personal financial gain. He has no prior convictions, and is not likely to reoffend in the future. Mr. Geda and his former employer negotiated a restitution amount in his attempt to repay the victim for the harm he caused, and he agreed to repay the amount within 90 days of sentencing. Many persons in his position, facing potential loss of employment and loss of residency, may accept a default judgment. His willingness to make good on restitution is another factor in favor of his acceptance of responsibility. The government does not believe that a custodial sentence is necessary as just punishment in this instance.

This felony conviction also satisfies the sentencing objective of general deterrence, and the proposed sentence reflects the seriousness of the offense. Persons thinking of intentionally trespassing the private networks of former employers, or any other entity, and damaging those networks, even

SENTENCING MEMORANDUM
CR 18-00126 LHK

recklessly, will be held to answer for violating federal computer intrusion statutes. Conviction of such statutes could result in loss of liberty, loss of money or property, loss of status in the United States, and loss of personal and professional reputation.

The United States asks the Court to accept the plea entered under Rule 11(c)(1)(C) and sentence Mr. Geda according to the agreement entered between the parties.

DATED: January 29, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/
DANIEL KALEBA
Assistant United States Attorney

SENTENCING MEMORANDUM
CR 18-00126 LHK